UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.08-80795-Civ-Hurley/Hopkins

FLAGSTAR BANK, FSB,

      Plaintiff,

vs.

A.M. HOCHSTADT,
and TEREZ HOCHSTADT,

      Defendants.

_____/

FILED by _____ D.C.

MAR 0 4 2010

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – W.P.B.

## REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S VERIFIED MOTION FOR ATTORNEY'S FEES AND COSTS (DE 174)

**THIS CAUSE** has come before this Court upon an Order referring Plaintiff's Verified Motion for Attorney's Fees and Costs to the undersigned for a Report and Recommendation. (DE 180). This Court has before it Plaintiff's Verified Motion for Attorney's Fees and Costs, Plaintiff's Bill of Costs, affidavits filed by Plaintiff in support of its Verified Motion, responses in opposition filed by Defendants A.M. Hochstadt and Terez Hochstadt, and Plaintiff's replies thereto. (DEs 174, 175, 176, 179, 184, 185, 186). For the reasons that follow, this Court **RECOMMENDS** that the District Court **GRANT IN PART AND DENY IN PART** Plaintiff's Motion. (DE 174).

## BACKGROUND

Plaintiff commenced the instant action in July of 2008 alleging that Defendant A.M. Hochstadt defaulted on two promissory notes held by Plaintiff. (DE 1). The notes were secured by corresponding mortgages on a single piece of residential property located in Boca Raton, Florida. Although Defendant A.M. Hochstadt is the only signatory to the promissory notes (DE

1, Ex. A, C), both Defendants are named as "Borrowers" on the mortgages (DE 1, Ex. B, D). With this lawsuit, Plaintiff sought foreclosure on both mortgages. On May 14, 2009, the District Court granted Plaintiff's Motion for Summary Judgment, and denied Defendant Terez Hochstadt's Cross-Motion for Summary Judgment. (DE 144). Final Judgment in favor of Plaintiff was entered on July 9, 2009. (DE 163). The Court found Defendant A.M. Hochstadt owed Plaintiff $5,631,531.45, of which Defendant Terez Hochstadt was jointly and severally liable for $107,701.01 in damages stemming from Defendants' breach of the mortgages. (DE 163 at page 2). As a result of Defendants' failure to satisfy the judgment, the Court direct the U.S. Marshal to sell the property at a public auction. (DE 163 at ¶8). Plaintiff was the successful bidder at the foreclosure sale and the Marshal was directed to issue a deed in its favor. (DE 211).

With the instant motion, Plaintiff seeks reimbursement of $321,291.25 in attorney's fees and $12,006.50 in costs incurred in the prosecution of this action from June 6, 2008 through July 9, 2009. (DE 174). According to Plaintiff, it is entitled to reimbursement of its attorney's fees based on contractual provisions contained in the promissory notes and corresponding mortgages. Plaintiff contends that although the amount sought is high compared to a typical foreclosure action, Defendant A.M. Hochstadt engaged in abusive litigation tactics that dramatically increased the cost to Plaintiff. In response, Defendant A.M. Hochstadt does not dispute that as the sole signatory of the two promissory notes, he is responsible for paying Plaintiff's reasonable attorney's fees. (DE 179 at ¶ 6). However, he and his wife, Defendant Terez Hochstadt, contend that because she did not sign the promissory notes, she should not be responsible for any of Plaintiff's attorney's fees. (DE 179, 185). Moreover, both Defendants contend that the amount of fees sought are excessive. (DE 179, 185).

## **DISCUSSION**

### **I. Plaintiff's Entitlement to Attorney's Fees**

Generally speaking, where federal court jurisdiction rests on diversity of citizenship, as in the instant case, federal courts are required to apply federal procedural law, and state substantive law. *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78-79 (1938); *Hanna v. Plumer*, 380 U.S. 460, 465 (1965). This extends to determinations regarding a party's entitlement to attorney's fees. *See Northwinds Abatement, Inc. v. Employers Insurance of Wausau*, 258 F.3d 345, 353 (5th Cir. 2001). Here, because the property at issue is located in Boca Raton, Florida, this Court will apply Florida law to the substantive aspects of instant motion.

"Under the American Rule, 'the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser.'" *Travelers Cas. and Sur. Co. of America v. Pacific Gas and Elec. Co.*, 549 U.S. 443, 448 (2007) (*quoting Alyeska Pipeline Srvc. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975)) (*other citations omitted*). However, the American Rule can be overcome by either a statute allowing for an award of attorney's fees or an enforceable contract which allocates attorney's fees (*see Travelers Cas. and Sur. Co. of America*, 549 U.S. at 448), and Florida courts routinely uphold such contractual provisions. *See Friend v. Deutsche Bank Trust Co.*, 964 So.2d 171 (Fla. Dist. Ct. App. 2007)(following foreclosure, court granted bank its attorney's fees and costs where promissory note and mortgage provided for such recovery); *Nemours Foundation v. Gauldin,* 601 So.2d 574, 576-77 (Fla. Dist. Ct. App. 1992)(where the "mortgagor executed the mortgage containing these provisions [for attorney's fees and costs], [he] should not complain now that he is called upon to pay the expenses incurred as a result of his unsuccessful choice to impede the foreclosure . . .").

3

In the instant case, all four of the underlying contracts (two promissory notes and two mortgages) provide for Plaintiff's recovery of its attorney's fees and costs in the event of a default. (DE 1, Ex. A, ¶7(E);  Ex. B, ¶¶ 22, 24; Ex. C, pg. 2; Ex. D, ¶ 10).  Here, there is no dispute as to the underlying default and, therefore, Plaintiff is entitled to an award of attorney's fees and costs.  Moreover, Defendants are jointly and severally liable for any reasonable attorney's fees and costs incurred by Plaintiff in connection with this action.[1]

## II.  Calculation of Attorney's Fee Award

Recognizing that the amount of attorney's fees and costs sought in its motion is higher than in a typical foreclosure case, Plaintiff contends that these increased litigation costs are largely a result of Defendant A.M. Hochstadt's litigious behavior in this action. (DE 174, pgs. 1-13).  Specifically, Plaintiff notes that it was forced to expend a great amount of time on the following: (1) responding to numerous harassing written communications to Plaintiff's counsel, numerous frivolous and improper filings and motions, and burdensome discovery requests; (2) responding to Defendant's repeated violations of court rules and abusive litigation tactics; (3) filing a motion to appoint a mediator after Defendant insisted on an uncertified mediator; (4) filing its own discovery motions; (5) preparing for depositions; and, (6) preparing for and attending the hearing on the parties' motions for summary judgment. (DE 174, pgs. 3-10).

---

[1] To the extent Defendants claim that any attorney's fees awarded should be apportioned to the Defendant whose conduct incurred the fee, the Court disagrees. As the District Court's Order states, Terez Hochstadt is "jointly and severally liable" for damages stemming from Defendants' breach of the mortgage. (DE 163 at page 2). This joint and several liability extends to Defendants' obligation to pay the fees and costs incurred with the instant foreclosure action. *See Parton v. Palomino Lakes Property Owners Ass'n, Inc.,* 928 So.2d 449, 454 (Fla. Dist. Ct. App. 2006)(where court found all four property owners were subject to the deed restrictions and had breached them, they were jointly and severally liable for resulting attorney's fees and costs).

4

Plaintiff also states that even after the Court entered the Order granting Plaintiff's Motion for Summary Judgment, Plaintiff had to expend additional time responding to additional motions filed by Defendants seeking to delay the foreclosure. (DE 174, pgs. 10-12).

   With these facts in mind, the Court now turns to the hourly rate sought by Plaintiff's counsel and the time spent litigating this action.

   A reasonable attorney's fee award is "properly calculated by multiplying the number of hours reasonably expended times a reasonable hourly rate." *American Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (*citing Blum v. Stenson*, 465 U.S. 886, 888 (1994)). The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436 (*quoting Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1999)). The fee applicant bears the burden of establishing the claimed market rate. *See Barnes*, 168 F.3d at 427. In assessing the number of hours billed, the Court should exclude hours that were not "reasonably expended," in other words, hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *See Barnes*, 168 F.3d at 428 (*quoting Norman*, 836 F.2d at 1301). Once this "lodestar" amount is calculated, the Court has the discretion of adjusting it up or down depending on the results obtained. *See Barnes*, 168 F.3d at 427 (*citing Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)).[2]

---

   [2] In Florida, courts consider the following criteria when making adjustments to the lodestar amount: (1) the time and labor required, the novelty and difficulty of the question involved, and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal

As to the type of evidence that the fee claimant should produce in support of a fee claim,

in *Barnes*, the Eleventh Circuit stated,

> The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman*, 836 F.2d at 1303.  That burden includes "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity . . . A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case." *Id.* (*citations omitted*).

168 F.3d at 427.

In submitting a request for attorney's fees, fee applicants are required to exercise "billing

judgment." *Barnes*, 168 F.3d at 428 (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

If fee applicants do not exercise billing judgment by excluding "excessive, redundant, or

otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and

therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*," the

court must exercise billing judgment for them. *See Barnes*, 168 F.3d at 428 (*quoting Norman*,

836 F.2d at 1301 (*emphasis in original*)).

When responding to motions for attorney's fees, opponents are required to lodge specific

objections to any requests. *See Barnes*, 168 F.3d at 427 (stating that fee opponents are required

---

services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; (8) whether the fee is fixed or contingent. *See Florida Patient's Compensation Fund v. Rowe,* 472 So.2d 1145, 1150 (Fla. 1985).

to be specific and "reasonably precise" with respect to any objections they may have); *Norman*, 836 F.2d at 1301 (stating, "[a]s the district court must be reasonably precise in excluding hours thought to be unreasonable or unnecessary, so should be the objections and proof from fee opponents.") Failing to lodge specific objections is generally deemed fatal. *See Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997) (affirming decision of district court as to the claimed number of hours worked because fee opponents failed to lodge specific objections); *Scelta v. Delicatessan Support Srvcs. Inc.*, 203 F. Supp. 2d 1328, 1333 (M.D. Fla. 2002) (stating, "[a] fee opponent's failure to explain exactly which hours he views as unnecessary or duplicative is generally viewed as fatal.") (*citing Gray*, 125 F.3d 1387).

Where fee petitions are voluminous, a court need not engage in an hour-by-hour analysis. *See Loranger*, 10 F.3d at 781. Rather, because such a review would be impractical and a waste of judicial resources when fee documentation is voluminous, a court need only provide "a concise but clear explanation of" of its reasons for any reduction of the fee claimed. *See Id.* at 783 (*citations omitted*).[3]

### A. Hourly Rates

In seeking reimbursement for their attorneys' fees, Plaintiff relies on the billing records of the eleven attorneys and three paralegals who performed work in the case. (DE 175, Ex. 2). The hourly rates of the attorneys range between $120.00 - $525.00. *Id.*

While this Court acknowledges that Defendants' conduct caused this lawsuit to be more complicated than a typical foreclosure action, the Court also finds that the case did not warrant the work of eleven attorneys and three paralegals, and thus, the case was overstaffed. Given that

---

[3] Here, the billing records of Plaintiff's attorneys are 133 pages long. (DE 175, Ex. A).

nine of the eleven attorneys spent very little time working on this matter (33.4 hours, collectively), the Court will deduct their hours from the time billed. *See Banner Group Corp. v. United States*, 2008 WL 4877000, *5 (M.D. Fla. Sept. 26, 2008)(court declined to award fees to "attorneys who provided limited assistance to the primary attorneys"). Similarly, it is apparent that only one of the three paralegals who assisted with this lawsuit was primarily responsible for it. Since the other two paralegals billed just over 5 hours collectively, their time will also be deducted. *See ACE Ltd.,* 2001 WL 1286247 at *5 (where case was "overstaffed" by "numerous attorneys and paraprofessionals," court took such factors into consideration and reduced the fee requested accordingly)(*citing General Elec. Co. v. Compagnie Euralair, S.A.,*1997 WL 397627, *4-5 (S.D.N.Y. July 3, 1997)(where nine attorneys and many support staff were assigned to case, court found reduction in the fees appropriate due to "overstaffing")).

Accordingly, the Court will only consider time spent by Steven D. Ginsburg, Esq., Janine N. Kucaba, Esq. and Chaz Marriott. Mr. Ginsburg, who billed 378.75 hours, is a partner at Adorno & Yoss, LLP and has been practicing law in Florida since 1976. The firm's website indicates that Mr. Ginsburg is a seasoned commercial litigator. *See* http://www.adorno.com. Mr. Ginsburg's hourly rate during 2008 was $380.00. In 2009, his hourly rate increased to $425.00. *See* Affidavit of Steven D. Ginsburg, Esq. (DE 175 at pages 1-2).

The firm's website also indicates that Ms. Kucaba, who graduated from law school in 2002, is an associate who focuses on commercial litigation. Ms. Kucaba billed 557.41 hours on this matter. Her hourly rate was $225.00 in 2008 and increased to $250.00 in 2009. *See* Ginsburg Aff. at page 3.

Plaintiff has not provided any information regarding the educational background and

8

experience of the primary paralegal assigned to the case, Chaz Marriott, and he is not identified on the firm's website. Mr. Marriott billed 121.5 hours on this case at an hourly rate of $140.00. *See* Ginsburg Aff. at pages 3-4.

In support of the fees sought, Plaintiff submits an expert affidavit from Omar Ortega, Esq., who has been a litigator in Miami, Florida since 1996. *See* Ortega Aff. at ¶ 1-2 (DE 175). Mr. Ortega's affidavit indicates that he has "experience in mortgage foreclosure actions similar to this one." *Id.* at ¶2. According to Mr. Ortega, Defendants' "frivolous and vexatious conduct from the inception of this action including post-judgment motions and filings, have caused an escalation of the time and labor required in having to respond to each and every motion and improper filing. Even though this should have been a relatively simple foreclosure action, [Defendants] multiplied the time and labor required . . . which justifies the attorneys' fees that Plaintiff has incurred in prosecuting this action." *Id.* at ¶ 41. Mr. Ortega concludes that based on his "knowledge of the customary attorney practices and billing rates in South Florida," the hours expended in this litigation and the billing rates charged are "reasonable" and consistent with those "generally charged in the community for lawyers of their skill and experience." *Id.* at ¶ 33-36.

In addition to its consideration of Mr. Ortega's affidavit, this Court "is itself an expert on the question [of reasonable hourly rates] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Loranger*, 10 F.3d at 781 (*citing Norman*, 836 F. 2d at 1303).

Here, the Court finds the hourly rates charged by Mr. Ginsburg and Ms. Kucaba to be

9

reasonable. *See Parrot, Inc. v. Nicestuff Distributing Intern., Inc.*, 2010 WL 680948, \*12 (S.D. Fla. Feb. 24, 2010)(court found reasonable hourly rate for commercial litigator with 22 years experience to be in the range of $475.00 - $500.00; for a sixth-year associate reasonable range is $310.00 - $335.00); *Pellegrino v. Koeckritz Development Of Boca Raton, LLC*, 2008 WL 6128747, \*3 (S.D. Fla. Nov. 24, 2008)(court found hourly rate of $310.00 for a commercial litigator practicing for six years was reasonable); *Banner Group Corp. v. United States*, 2008 WL 4877000, \*4-5 (M.D. Fla. Sept. 26, 2008)(court found reasonable range for commercial litigators with 20-30 years experience was $433.00 - $455.00 per hour; fourth-year associate properly billed at $220.00 per hour). However, the Court finds that Mr. Marriott's billing rate should be reduced. Absent any information regarding his experience, the Court finds that the prevailing rate for a paralegal in this District is $100.00 per hour. *See Walker v. Walden*, 2010 WL 411085 (S.D. Fla. Jan. 29, 2010)(court awarded paralegal rate of $100.00 per hour); *Weitz Co., LLC v. Transportation Ins. Co.*, 2009 WL 5064118, \*3-4 (S.D. Fla. Dec. 16, 2009)(same).

### B. Number of Hours Reasonably Expended

According to counsel's affidavits and the billing records attached to Plaintiff's motion, Mr. Ginsburg billed a total of 378.75 hours in this matter and Ms. Kucaba billed a total of 557.41 hours. *See* Ginsburg Aff. at pages 2-3. The Court recognizes that the number of hours Plaintiff's counsel spent on this case is largely attributable to Defendants' overly litigious behavior. *See Powell v. Carey Intern., Inc.*, 547 F.Supp.2d 1281, 1297 (S.D. Fla. 2008)(court found "defendants' conduct in vigorously defending this case did contribute to the price tag on the attorneys' fees award").

The law is clear in that where multiple attorneys perform work on a case, they may each

be compensated, so long as the attorneys' efforts are not unreasonably duplicative. *See Barnes*, 168 F.3d at 432 ("[a]n award for time spent by two or more attorneys is proper as long as it reflects the distinct contribution of each lawyer to the case and the customary practice of multiple-lawyer litigation")(*quoting Johnson v. University College of Univ. of Ala. in Birmingham*, 706 F.2d 1205, 1208 (11th Cir. 1983)); *Norman*, 836 F.2d at 1301-1302 (observing that multiple attorneys may be compensated for their work on a case "if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer")(*citing Johnson, supra*).

The Court has conducted an independent review of the hours billed by Mr. Ginsburg, Ms. Kucaba and Mr. Marriott and while they do not appear to be excessive or unreasonably duplicative, in many instances, the Court cannot discern the legal services provided because their billing entries are so heavily redacted. Based on this deficiency, a reduction of counsel's time is warranted. *See Intercontinental Hotels Group, Inc. v. Weis Builders, Inc.*, 2007 WL 4072979, *2 (N.D. Ga. Nov. 5, 2007)(court "cannot perform its analysis adequately unless each entry also states with specificity the task performed"); *Vitug v. Multistate Tax Com'n*, 883 F.Supp. 215, 223-24 (N.D. Ill. 1995)(redacted description of services made it impossible for court to sufficiently evaluate services and fees charged). *See also Cambridge Electronics Corp. v. MGA Electronics, Inc.*, 2005 WL 927179, *6 (C.D. Cal. Jan. 18, 2005)(court deducted fees where the description of services performed had been redacted and not even a general subject matter for the charges was identified).

In assessing the reasonableness of the fee award sought and any appropriate adjustment, the Court must consider the "fee customarily charged in [this] locality for similar legal services."

11

*Florida Patient's Compensation Fund v. Rowe,* 472 So.2d 1145, 1150 (Fla. 1985). The Court is mindful that, ordinarily, foreclosure matters do not result in substantial attorney's fee awards. *See Firstbank Puerto Rico v. Caribbean Island Adventure, Inc.*, 2008 WL 2074109, *2 (D.V.I. May 14, 2008)(in a "run-of-the-mill debt and foreclosure claim [that] was disposed of at the summary judgment stage," court awarded $5,000.00 in attorney's fees and costs). While this case was not routine, neither was it so complex as to justify the amount of attorney's fees sought. And although Defendants' excessive filings generated a significant amount of time-consuming work for Plaintiff's counsel, the Court does not find that the issues raised by Defendants were particularly novel or difficult. The Court has reviewed the amount of attorney's fees awarded in other contested foreclosure actions and finds that the award sought by Plaintiff is significantly higher. *See, e.g., Wells Fargo Bank N.A. v. Sinnott*, 2010 WL 297830, *11 (D. Vt. Jan. 19, 2010)(court awarded attorney's fees of $73,000 in contested foreclosure case); *Kissi v. EMC Mortg. Corp.*, 627 F. Supp. 2d 27, 31 (D.D.C. 2009)(court awarded $124,000 in attorney's fees for contested foreclosure).

Taking these factors into account, while also bearing in mind the significant amount in controversy and the positive result counsel obtained for Plaintiff, the Court finds that a 25% reduction of the fees sought is appropriate.

Accordingly, the Court **RECOMMENDS** an award of attorney's fees as follows:

|  | Amount Billed | 25% Reduction | Amount Allowed |
|---|---|---|---|
| Steven Ginsburg | $155,800.50 - | $38,950.13 = | $116,850.37 |
| Janine Kucaba | $134,154.75 - | $33,538.69 = | $100,616.06 |

| Chaz Marriott | $ 12,150.00[4] | - | $ 3,037.50 | = | $ 9,112.50 |

TOTAL ATTORNEYS' FEES = $226,578.93

## Request for Fees Under 28 U.S.C. § 1927

Plaintiff also argues that it is entitled to an award of fees pursuant to the court's inherent powers. (DE 174, pgs. 18-19). However, because this Court has already recommended an award of attorney's fees based upon the parties' contractual agreement, this Court need not address such alternative basis for an award.

## Request for Imposition of Rule 11 Sanctions

Plaintiff argues that the Court should impose Rule 11 sanctions upon both Defendants for their frivolous, vexatious, and harassing conduct herein. (DE 174, pg. 19). The face of Rule 11 provides that Rule 11 motions are required to made "separately from any other motion . . .". Fed. R. Civ. P. 11(c)(2) (2009). *See also* Fed. R. Civ. P. 11, Advisory Committee Notes, 1993 Amendments ("The rule provides that requests for sanctions must be made as a separate motion, i.e., not simply included as an additional prayer for relief contained in another motion.") Because Plaintiff has failed to file its Rule 11 motion separately from any other motion, this Court **RECOMMENDS** that the District Court **DENY** Plaintiff's request for Rule 11 sanctions. (DE 174).

## III. Plaintiff's Bill of Costs (DE 176)

Plaintiff seeks to recover a total of twelve thousand six dollars and fifty cents ($12,006.50) in costs. (DE 174, Ex. 5; DE 176). Neither Terez nor A.M. Hochstadt have lodged

---

[4] This amount reflects the Court's reduction of Mr. Marriott's hourly rate to $100.00.

any specific objection to Plaintiff's Bill of Costs.  (DEs 179, 185).

In diversity cases, federal law, not state law, controls awards of costs.  *See Zunde v. Int'l Paper Co.*, 2000 WL 1763 843, \*1 (M.D. Fla. July 20, 2000) (*citations omitted*).  Under the Federal Rules, prevailing parties[5] are entitled to recover costs as a matter of course unless otherwise directed by the court or statute.  *See* Fed. R. Civ. P. 54(d)(1) (2009).  Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party.  *See Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991) (noting that the language of Rule 54(d) "creates a presumption in favor of awarding costs to the prevailing party which [the opponent] must overcome.")  However, such presumption is not without limits, and courts may only tax costs as authorized by statute.  *See EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000), *reh'g and reh'g en banc denied*, 233 F.3d 580 (11th Cir. 2000) (*citing Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)); *Arcadian Fertilizer, L.P. v. MPW Industrial Services, Inc.*, 249 F.3d 1293, 1296-1297 (11th Cir. 2001).

"Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)."  *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-442 (1987).  This section provides in part,

**§ 1920. Taxation of costs**

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for

---

[5] A party need not prevail on all issues or claims to be entitled to an award of costs. *See United States v. Mitchell*, 580 F.2d 789, 793-794 (5th Cir. 1978) (*citations omitted*), *abrogated on other grounds by statute*, *United States v. City of Jackson, Miss.*, 359 F.3d 727, 735-737 (5th Cir. 2004)). *See also Lodges 743 and 1746, Intern. Ass'n of Machinists and Aerospace Workers, AFL-CIO v. United Aircraft Corp.*, 534 F.2d 422, 447-448 (2d Cir. 1975), *cert. denied*, 429 U.S. 825 (1976).

use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials
where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and
salaries, fees, expenses, and costs of special interpretation services under section
1828 of this title.

*See* 28 U.S.C. § 1920 (2009).

Where a party challenges the costs requested, the burden lies with the challenging party.

*See EEOC*, 213 F.3d at 621 (finding that challenging party did not demonstrate that any portion

of the depositions were not "related to an issue which was present in the case at the time the

deposition was taken."). *See also Ferguson v. Bombardier Srvcs. Corp.*, 2007 WL 601921, *3

(M.D. Fla. Feb. 21, 2007) (*consolidated case*) (observing that the burden lies with the losing

party, unless knowledge of the requested cost is within the exclusive knowledge of the requesting

party) (*citing Desisto College, Inc. v. Howey-in-the-Hills*, 718 F. Supp. 906, 910 n. 1 (M.D. Fla.

1989), *aff'd sub nom. Desisto College, Inc. v. Line*, 914 F.2d 267 (11th Cir. 1990), *not followed

on other grounds by EEOC*, 213 F.3d 600.

**Affidavit of costs**

In support of such request, Plaintiff has submitted no invoices or receipts documenting

expenses incurred during the litigation.  Rather, Plaintiff opted to submit a Post-Judgment

Affidavit of Costs, wherein counsel for Plaintiff, Steven D. Ginsburg, attests to costs incurred by

Plaintiff from June 19, 2008, through July 11, 2009.  (DE 174, Ex. 5, pgs. 4-7; DE 176, pgs. 3-6).

Affidavits are statutorily permitted.  *See* 28 U.S.C. § 1924 ("Before any bill of costs is

taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made

by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."). *See also McInnis v. Town of Weston*, 458 F. Supp 2d 7. 22 (D. Conn. 2006) (rejecting objection to bill of costs which was not accompanied by receipts because "the only requirement is that the requesting attorney verify the costs by affidavit . . .") (*quoting* 28 U.S.C. § 1924); *Wahl v. Carrier Mfg. Co., Inc.*, 511 F.2d 209, 216 (7th Cir. 1975) (noting that affidavits are ordinarily used to show that costs were incurred in connection with the case). However, affidavits should be based on either the affiant's knowledge, or on available business records, and mere conclusory assertions by counsel are inadequate. *See Wahl*, 511 F.2d at 216.

In the affidavit submitted by counsel for Plaintiff, Steven D. Ginsburg, ("Ginsburg") attests only that (1) he is a partner at the firm of Adorno & Yoss, LLP; and, (2) Plaintiff incurred a total of twelve thousand six dollars and fifty cents ($12,006.50) in costs from June 6, 2008, through July 9, 2008. (DE 176, pg. 3). Attached to the affidavit is a list of costs, broken down by category, and a list of costs incurred each month. (DE 176, pgs. 4-3). Although it could be argued that pursuant to *Wahl*, the affidavit is insufficient because Ginsburg failed to testify in the affidavit that affidavit was prepared based on his personal knowledge, or based on his review of available business records, this Court declines to conclude as such in light of the Rule 54(d) presumption in favor of costs, as well as Defendants' failure to object to any of the costs. *See Manor*, 929 F.2d at 639; *Ferguson*, 2007 WL 601921 at *3.

16

**Fees of the Clerk**

Plaintiff seeks to recover seven hundred dollars ($700.00) for fees of the clerk. (DE 174, Ex. 5; DE 176, pg. 1). Fees paid to the Clerk of Court may be taxed. *See* 28 U.S.C. § 1920(1) (2009).

According to Plaintiff's affidavit, Plaintiff purportedly paid three hundred and fifty dollars ($350.00) to the Clerk of Court on June 19, 2008, in connection with a "notice of removal," and another three hundred and fifty dollars ($350.00) to the Clerk of Court on July 2, 2008, in connection with a "complaint/lis pendens." (DE 176, pg. 4). However, the docket shows that Plaintiff only paid three hundred and fifty dollars ($350.00) to the Clerk of Court on July 16, 2008, in connection with the filing of the complaint. (DE 1, pg. 39). The instant case was not removed from state court, and the docket shows that although a notice of lis pendens was filed by Plaintiff on July 16, 2008, no fees were paid to the Clerk of Court in connection with such filing. (DE 2). Plaintiff's affidavit fails to explain the reason why it purportedly it paid three hundred and fifty dollars ($350.00) on two (2) occasions. Based on the discrepancy between Plaintiff's affidavit and the case docket, this Court **RECOMMENDS** that the District Court **GRANT IN PART** Plaintiff's motion to tax costs for the Clerk of Court, in the amount of three hundred and fifty-dollars ($350.00).

**Fees for Service of Summons and Subpoena**

Plaintiff next seeks to recover five hundred sixty-seven ($567.00) dollars for fees for service of summons and subpoenas. (DE 174, Ex. 5; DE 165, pg. 1).

The Eleventh Circuit has held that private process server fees may be taxed under sections 1920(1) and 1921, so long as the taxable costs of the private process server are limited to

17

the statutory fees authorized by section 1921.[6]  *See EEOC*, 213 F.3d at 624.  As noted in section

1921(b), "the "Attorney General shall from time to time prescribe by regulation the fees to be

taxed and collected under subsection [1921](a).  Such fee shall, to the extent practicable, reflect

the actual and reasonable cost of the service provided."  "The Attorney General prescribes a

minimum fee of $45.00 per hour for "process served or executed personally . . . for each item

served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any

other out of pocket expenses."  *Davis v. Sailormen, Inc.*, 2007 WL 1752465, *2 (M.D. Fla. June

15, 2007) (*citing* 28 C.F.R. § 0.114(a)(3)).

Plaintiff's affidavit does not include any information as to the rates charged for service of

summons and subpoenas.  (DE 176, pgs. 1-6).  However, in light of the fact that the costs listed

for each occasion of service of summons and subpoenas appear to be reasonable, and in light of

Defendants' failure to object, this Court **RECOMMENDS** that the District Court **GRANT**

Plaintiff's request for such costs, in the amount of five hundred sixty-seven ($567.00) dollars.

(DE 174, Ex. 5; DE 176).

## Fees for Transcripts Necessarily Obtained for Use in the Case

Plaintiff seeks an award of five thousand, nine hundred sixty-six dollars and ten cents

($5,966.10) for costs incurred in connection with printed or electronically recorded transcripts

necessarily obtained for use in the case.  (DE 174, Ex. 5; DE 176, pg. 1).

Although Plaintiff has submitted an affidavit, Plaintiff has failed to provide any invoices

---

[6] *See* 28 U.S.C. § 1920(1) (providing that "fees of the clerk and marshal" may be taxed); 28 U.S.C. § 1921(a)(1)(B), (G), (H) (providing that the court may tax as costs fees of the marshal for serving subpoenas for witnesses, and that the court may tax as costs necessary travel, including mileage, and overtime expenses incurred by deputy marshals in the course of serving civil process).

to support the request. *See* S.D. Fla. L.R. 7.3.C (2009)("The bill of costs should attach copies of any documentation showing the amount of costs."). In this Court's experience, it is customary for stenographer's invoices to include additional expenses for condensed transcripts, electronic transcripts, and shipping and exhibits, among other things. Where such extra services are only for the convenience of counsel, they are not reimbursable. *See Goodwall Const. Co. v. Beers Const. Co.*, 824 F. Supp. 1044, 1066 (N.D. Ga. 1992) (deposition costs incurred merely for convenience to counsel are not necessary or recoverable), *aff'd*, 991 F.2d 751 (Fed. Cir. 1993). *See also George v. Florida Dept. of Corr.*, No. 07-80019-CIV, 2008 WL 2571348, *6 (S.D. Fla. May 23, 2008) (court denied reimbursement of transcript delivery fee because the Department of Corrections failed to show that the fee constituted a necessary expense); *Suarez v. Tremont Towing, Inc.*, No. 07-21430-CIV, 2008 WL 2955123, *3 (S.D. Fla. Aug. 1, 2008) (court did not allow reimbursement for delivery or exhibits); *Johnson v. Commc'ns Supply Corp.*, No. 05-60510-CIV, 2006 WL 3709620, *2 (S.D. Fla. Dec. 14, 2006) (court found that mini-transcripts and disk copies of transcripts are for the convenience of counsel and thus are not recoverable). Based on the record before this Court, it cannot ascertain which deposition expenses are reimbursable. Accordingly, this Court **RECOMMENDS** that the District Court **DENY** Plaintiff's request for transcript costs. (DE 174, Ex. 5; DE 176). *See Smith v. CA, Inc.*, No. 8:07-cv-78-T-30TBM, 2009 WL 536552, *2 (M.D. Fla. March 3, 2009)(where court is unable to identify the "necessity" of the costs sought, the party seeking reimbursement has failed to meet its burden).

**Fees for Exemplification and Copies Necessarily Obtained for Use in the Case**

Plaintiff seeks to recover four thousand, seven hundred seven dollars and seventy-four cents ($4,707.74) for exemplification and the costs of copies necessarily obtained for use in the case. (DE 174, exh. 5; DE 176, pg. 1).

Section 1920(4) permits taxation of "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." *See EEOC*, 213 F.3d at 622. The term "copies of paper," as used in section 1920(4) has been construed "to mean reproductions involving paper in its various forms." *Arcadian Fertilizer, L.P.*, 249 F.3d at 1296 (affirming award of costs for oversize documents and color photographs). Similar to deposition costs, "[i]n evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *Id.* at 623. However, in the Eleventh Circuit, the costs of physical exhibits such as models and charts may not be taxed as costs because there is no statutory authorization for such costs. *See Arcadian*, 249 F.3d at 1297 (noting that such costs may not be taxed even if prior authorization from court had been obtained) (*citing EEOC*, 213 F.3d at 623; *Johns-Mansville Corp. v. Cement Asbestos Prods. Co.*, 428 F.2d 1381 (5th Cir. 1970)). Likewise, copies obtained only for the convenience of counsel are not recoverable. *See Desisto College, Inc.*, 718 F. Supp at 913 (*citing Allen v. Freeman*, 122 F.R.D. 589, 591 (S.D. Fla. 1988)). "Photocopies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the Court's consideration are all recoverable." *Florida Keys Citizen Coalition, Inc. v. U.S. Army Corp. Of Eng'rs*, 386 F. Supp 2d 1266, 1270 (S.D. Fla. 2005) (*citing Desisto College, Inc.*, 718 F. Supp. at 913).

The party moving for an award of copy costs has the burden of showing that the copies were necessarily obtained for use in the case. *See Zunde*, 2000 WL 1763 843 at *6 (*citing Desisto College, Inc.*, 718 F. Supp at 910, n.1). *See also Helms v. Wal-Mart Stores, Inc.*, 808 F. Supp 1568, 1570 (N.D. Ga. 1992) (noting that the party seeking to recover copy costs "must come forward with evidence showing the nature of the documents copied, including how they were used or intended to be used in the case.") (*citing Corsair Asset Management, Inc. v. Moskovitz*, 142 F.R.D. 347, 353 (N.D. Ga. 1992). Where the movant has failed to itemize copies necessarily obtained for use in the case and those that were made for their own convenience, an award of costs may be denied. *See Desisto College, Inc.*, 718 F. Supp. at 914 (declining to award costs for copies because the defendants failed to itemize copies necessarily obtained for use in the case and those obtained for the convenience of counsel).

Plaintiff's affidavit contains several entries which read, "[f]ees for *service copies* of pleadings . . ." (DE 174, exh. 5; DE 176) (*emphasis added*). However, such entries are ambiguous in that they could be interpreted to mean that Plaintiff paid a copy *service* to make copies, or that Plaintiff paid for the service *of* pleadings. Although costs for copies tendered to the opposing party are reimbursable, *see Florida Keys Citizen Coalition, Inc.*, 386 F. Supp 2d at 1270, the fact remains that Plaintiff's affidavit fails to clearly itemize any copies that were necessarily obtained for use in the case. (DE 174, exh. 5; DE 176). Moreover, a review of the affidavit shows that on some occasions, Plaintiff paid what appears to be extremely high[7] costs

---

[7] Plaintiff represents that it incurred costs as high as $89.60, $182.35, $152.25, $168.35, $210.00, $376.25, $706.30, $459.90, $791.00, and $1,454.25 in connection with "fees for service copies" for June 2008, July 2008, September 2008, November 2008, January 2009, February 2009, March 2009, April 2009, May 2009, and June 2009.

associated with the "service copies pleadings." (DE 174, exh. B; DE 176).  Based on the record, this Court is unable to determine which copies whether any, or all, of the copies were necessarily obtained for use in the case.  This Court therefore **RECOMMENDS** that the District Court **DENY** Plaintiff's request for costs for copies.

## Other Costs

Finally, Plaintiff seeks an award of sixty-five dollars and sixty-six cents ($65.66) for long distance phone calls.  (DE 174, exh. 5; DE 176, pg. 1, 4).  Telephone costs are not enumerated as a permissible cost under section 1920, and courts routinely disallow requests for telephone costs under section 1920. *See Wolf v. Planned Prop. Mgmt.*, 735 F. Supp. 882, 883 (N.D. Ill. 1990) (denying request for costs of long distance telephone calls because costs were not listed in section 1920) (*citing Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)); *Ezelle v. Bauer Corp.*, 154 F.R.D. 149, 155 (S.D. Miss. 1994) (declining to award costs for telephone calls because such expenses are out-of pocket expenses which are not taxable as costs); *Wahl*, 511 F. 2d at 217 (noting that telephone costs are ordinarily not permitted). In light of the foregoing, and because the Eleventh Circuit has held that courts may only tax costs where permitted by statute, *EEOC*, 213 F.3d at 620 (*citations omitted*), this Court **RECOMMENDS** that the District Court **DENY** Plaintiff's request for telephone costs.  (DE 174, exh. 5; DE 176).

## Recommended Calculation of Costs Award

1.) Fees of the Clerk: $350.00

2.) Fees for Service of Summons and subpoenas: $567.00

3.) Fees for transcripts: $0.00

4.) Fees for copies: $0.00

22

5.) Other Costs: $0.00

|  |  |
|---|---|
| Total Recommended Costs: | $917.00 |
| Total Recommended Attorneys' Fees: | $226,578.93 |
| **Total Recommended Award:** | **$227,495.93** |

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Daniel T. K. Hurley, United States District Court Judge for the Southern District of Florida, within fourteen (14) days of being served with a copy of this Report and Recommendation. *See* Statutory Time-Periods Technical Amendments Act of 2009, H.R. 1626, sec. 6, amending 28 U.S.C. § 636(b)(1) to provide that " . . . within fourteen days  after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). *See also* Fed. R. Civ. P. 72(b) (2009) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 14 days after being served with a copy.") Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE and SUBMITTED** in Chambers this 4 day of March, 2010, at West Palm

Beach in the Southern District of Florida

JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of record
A.M. Hochstadt, *pro se*

24